IN THE DISTRICT COURT OF MARSHALL COUNTY
STATE OF OKLAHOMA

LITTLE GLASSES RESORT, )
 )
    Plaintiff, )
 )
v. ) Case No. CJ-16-33
 )
NEW HAMPSHIRE INSURANCE )
COMPANY; AND C.L. FRATES )
AND COMPANY )
 )
    Defendants. )

FILED
WANDA PEARCE
AUG 26 2016
Time_____
Court Clerk of Marshall County
By_____Deputy

### FIRST AMENDED PETITION

**COMES NOW** the Plaintiff, LITTLE GLASSES RESORT., (hereinafter "Plaintiff"), and for its causes of action against Defendant, NEW HAMPSHIRE INSURANCE COMPANY, (hereinafter referred to as "New Hampshire"), and C.L. FRATES AND COMPANY (hereinafter referred to as "Insurance Agent") does hereby allege and states as follows:

### STATEMENT OF FACTS

1. Plaintiff is situated in Madill, Marshall County, Oklahoma. Plaintiff has an insurable interest in the property located at 13443 Parrot Head Lane, Madill, Oklahoma 73446, (hereinafter referred to as "insured property").

2. Defendant, New Hampshire is a subsidiary of AIG, and is an insurance company incorporated under the laws of the State of New York, and is registered to engage in the business of insurance in the State of Oklahoma. Defendant's principal place of business is located in 175 Water Street, 18th Floor, New York, NY 10038.

3. Insurance Agent engaged in the business of soliciting and selling insurance policies to the public including Plaintiff and is registered to engage in the business


EXHIBIT 6

of selling insurance in the State of Oklahoma. Insurance Agent has its principal place of business in 13239 Broadway Extension Oklahoma City, OK 73114.

4. Plaintiff entered into two seperate contracts for insurance with Defendant to provide coverage for its property and its contents. Plaintiff's insured property is located in Marshall County, Oklahoma.

5. Defendant issued to Plaintiff the Commercial policy of insurance, Policy DMO 690-92-44 (the "Piers, Wharves, and Docks Policy"), to the Plaintiff. See attached Exhibit A.

6. Defendant also issued to Plaintiff the Commercial policy of insurance, Policy 01-LX-003692137-11 (the "Building and Coverage Extension Insurance Policy"), to the Plaintiff. See attached Exhibit B.

7. Defendant represented to the Plaintiff that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiff relied on said representations to its detriment.

8. On or about May 16, 2015, the insured property was severely damaged as a direct result of a storm. Defendant by and through its insurance adjusters assigned claim numbers LXMP-6605A9, and LXMP-6608A9.

9. On May 28th, 2015, the insured property was severely damaged as a direct result of a storm. Defendant by and through its insurance adjusters assigned claim numbers LXMP-6624A9.

10. On June 17, 2015, the insured property was severely damaged as a direct result of Tropical Storm Bill. Defendant by and through its insurance adjusters assigned claim numbers LXMP-6651A9.

11. On June 28th, the insured property was severely damaged as a direct result of a

storm. Defendant by and through its insurance adjusters assigned claim numbers LXMP-6719A9.

12. Plaintiff timely and properly submitted a claim to Defendant, for the property damage incurred due to the storms and Tropical Storm Bill.

13. Defendant assigned a third party adjusting firm, York Risk Services Group, Inc. Angela Farrell served as the first adjuster, and then Gary Pettit served as the second adjuster.

14. Defendant by and through its adjusters failed to consider all of the information provided to them by the insured and/or the insured's representatives, failed to pay all of the covered damages, improperly applied co-insurance penalties, and denied that the losses or a portion of the losses was covered under the terms and conditions of the Policy with Defendant.

### FIRST CAUSE OF ACTION - BREACH OF CONTRACT NEW HAMPSHIRE

15. Plaintiff adopts and incorporates by reference paragraphs 1 through 14 above as if fully plead herein, and for further claims against the Defendant alleges as follows:

16. Plaintiff entered into a contract for insurance with Defendant to provide coverage for the Buildings, business loss, Extra Expenses, Piers, Wharves, and Docks, Business Personal Property identified in exhibits A and B above; as well as additional coverages and coverage extensions listed on policy form 97069 (3/08), See attached Exihibit C.

17. At all times material hereto, Policy No. DMO 690-92-44 and Policy No.01-LX-00369213711 were in full force and effect.

18. Plaintiff provided timely and proper notice of its claims of all covered damages resulting from the storms on or about May 16, 2015, May 28th, 2015, damages

3

resulting from Tropical Storm Bill on June 17, 2015, and Storm damage on June 28th, 2015.

19. Plaintiff has complied with the terms and conditions of the insruance policies, and all conditions precedent under the insurance Policies.

20. As to the losses and damages that underlie Plaintiff's claim, Defendant has under paid the claims, improperly applied co-insurance penalties, failed to properly evaluate all of the damages.

21. By failing to fully indemnify Plaintiff for losses covered by the contracts of insurance, Defendant has breached its contractual obligations under the terms and conditions of the Policies with Plaintiff by failing to pay Plaintiff all benefits owed.

22. Defendant's conduct is the proximate cause of Plaintiff's damages.

23. As a result of the Defendant's breach of contracts the Plaintiff has sustained financial losses.

24. As a result of Defendant's breach of the insurance contracts, Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs and interest.

25. As a result of Defendant's breach of the insurance policies, Plaintiff has incurred additional expenses, litigations costs, attorney fees, expert fees and costs, and business income losses.

## SECOND CAUSE OF ACTION - BAD FAITH

26. Plaintiff adopts and incorporates by reference paragraphs 1 through 25 above as if fully plead herein, and for further claims against the Defendant alleges as follows:

27. Defendant owed a duty to Plaintiff to deal fairly and act in good faith.

28. Defendant breached their duty to deal fairly and act in good faith by failing to timely and properly investigate, evaluate and/or pay the Plaintiff's claim.

29. Defendant's obligations to the Plaintiff arise from both express written terms under the Policy as well as implied obligations under Oklahoma law.

30. Defendant's conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

31. As a direct and proximate result of Defendant's bad faith conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant, and to the damage and detriment of Plaintiff.

32. As a result of the Defendant's conduct, the Plaintiff has sustained financial losses.

33. As a result of Defendant's conduct the Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs and interest.

34. The conduct of Defendant was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

35. The amount of punitive damages sought to be recovered is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

36. Plaintiff further alleges Defendant benfited from increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

## THIRD CAUSE OF ACTION - NEGLIGENCE AGAINST C.L. FRATES and COMPANY

37. Plaintiff adopts and incorporates by reference paragraphs 1 through 36 above as if fully plead herein, and for further claims against the Defendant C.L. Frates and Company (hereinafter "Insurance Agent") and alleges as follows:

38. On or about January or February of 2015, prior to the losses identified above, and prior to the inception of Exhibits A, B, and C above, Mr. David Hunt, an agent of C.L. Frates and Company performed and inspection of the Little Glasses Resort, and met with Plaintiff's representatives to evaluate Plaintiff's insurance needs and determine the type and amount of insurance Plaintiff would have to purchase.

39. Keith Nail on behalf of the Insurance Agent at all material times here to were engaged by Plaintiff as the insurance agent to procure insurance at Little Glasses Resort for the benefit of Plaintiff against damage by windstorm, hail, hurricane and other perils or causes of loss.

40. In the course and scope of its duty to Plaintiff, the Insurance Agement, procured insurance at the Little Glasses Resort for the benefit of Plaintiff against damage by Windstorm, Hail, Hurricane, and other perils or causes of loss.

41. The Insurance Agent had a non-delegate duty to Plaintiff to procure insurance at the Little Glasses Resort for the benefit of Plaintiff. Such insurance was to insure all of Plaintiff's property at Little Glasses Resort.

42. The Plaintiff's property was severely damaged by the storms identified herein.

43. Plaintiff relied upon the Insurance Agent and its agents to procure adequate coverage to insure against catastrophic losses in an amount to repair/replace the Property, should covered losses be sustained during the policy period. The

Insurance Agent sold Plaintiff an insurance policy that did not insure all of the property owned by Plaintiff.

44. Specifically, the Insurance Agent failed to manage, advise, or consult with Plaintiff regarding Plaintiff's insurance needs at Little Glasses Resort.

45. Specifically, the Insurance Agent failed to procure insurance coverage for Plaintiff's Building/s; courtesy boat slips; walk-a-round docks and bridge docks, and other portions of the property that is the responsibility of Plaintiff in the course of conducting its business on the premises.

46. In addition, the Insurane Agent failed to adequately insure the property with respect to scheduled limits of insurance compliant with the 90% co-insurance requirement, failed to adequately insure for the occurrence limits, and the Insurance Agent is bound by and vicariously liable for the negligent actions of its insurance agents, including but not limited to Mr. David Hunt through the doctrine of respondent superior or in the alternative, under the theory of ostensible agency, or apparent agent.

47. Plaintiff retained Insurance Agent to use reasonable diligence to insure the Little Glasses Resort with the requested coverage and breached that duty causing damages to Plaintiff. If an insurance agent or broker, with a view toward being compensated, undertakes to procure insurance on the property of another, and through fault and neglect, fails to do so, it will be held liable for any damage that results thereby.

48. Plaintiff was never informed of any coverage issues regarding gaps in coverage or the insured property being under insured at the Little Glasses Resort. Insurance Agent had a duty to inform Plaintiff that the Little Glasses Resort was properly

insured. The failure of an insurance agent or broker, even after the exercise of reasonable diligence to procure insurance, to notify the insured of the agent or broker's inability to obtain insurance, or that the property is not insured to value will likewise impose liability upon him. An agent or broker has a duty to keep his or her clients/insureds fully informed, so that they can remain safely insured.

49. Specifically, Insurance Agent breached its duties by:

   a) Failing to adequately procure sufficient coverage for Plaintiff's Little Glasses Resort property; and

   b) Failing to inform Plaintiff that there the subject property was not insured to value or adequately insured.

50. Insurance Agent induced Plaintiff to rely on its performance of the undertaking to procure insurance and Plaintiff's reasonably relied to Plaintiff's detriment, assumed that Plaintiff was insured against the risk that caused Plaintiff's losses. Each of the following acts of negligence by the Insurance Agent was the proximate cause of Plaintiff's damages.

51. The aforesaid conduct of the Insurance Agent was committed with malice and knowing, conscious, and deliberate disregard for the welfare of Plaintiff. Defendant's conduct amounts to gross negligence, thereby entitling Plaintiff to punitive damages for an appropriate sum to punish Defendant and deter it from similar conduct in the future.

52. As a result of the Insurance Agent's negligence, Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs and interest.

53. As a result of the Insurance Agent's negligence, Plaintiff has incurred additional expenses, litigations costs, attorney fees, expert fees and costs, and business

income losses.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against Defendants, **NEW HAMPSHIRE INSURANCE COMPANY** and **C.L. FRATE AND COMPANY**, as follows:

a. Payment of all contractual benefits by New Hampshire for all coverages afforded to Plaintiff under the subject policy of insurance for damage to its Building and personal property caused by the May 16, 2015 and June 17, 2015, wind/hail storm, together with interest on all amounts due;

b. Disgorgement of the incureased financial benefits derived by New Hampshire as a direct result of Defendant's wrongful or intentional, willful, malicious and/or reckless conduct;

c. As to New Hampshire Actual, Compensatory damages, and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00), and

d. As to C.L. Frates and Company, payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance for damage to its Buildings, Piers, Wharves, Docks, and personal property caused by the May 16, 2015 and June 17, 2015, wind/hail storm, together with interest on all amounts due and not paid by Co-Defendant, New Hampshire;

e. As to C.L. Frates and Company, Actual, Compensatory damages, and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00),

f. As to New Hampshire and C.L. Frates and Company, Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Dated: August 25, 2016

Respectfully submitted,

**MERLIN LAW GROUP**

By: _____
Patrick Connell McGinnis,
OBA # 32561
515 Post Oak Blvd., Suite 750
Houston, Texas 77027
pmcginnis@merlinlawgroup.com
T: (713) 626-8880
F: (713) 626-8881

*ATTORNEY FOR PLAINTIFF*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**